UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| REBECCA DAVIS, ET AL | CIVIL ACTION NO. 18-cv-1568 |
| VERSUS | JUDGE WALTER |
| JAMES GAVIN, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Rebecca Davis alleges that she was employed at a local sewer district office and was subjected to sexual harassment and retaliation in the course of her employment. She named the Caddo Parish Commission and several other defendants in her original complaint. Plaintiff later filed an amended complaint to substitute the Parish of Caddo for the Caddo Parish Commission and add a defamation claim against a new defendant. Doc. 11.

The Parish of Caddo filed a Motion to Dismiss (Doc. 14) on the grounds that Ms. Davis was not its employee and that Sewer District No. 2 is a distinct political subdivision separate from the parish. Ms. Davis did not file a memorandum in opposition to the motion, but she did file a Motion to Amend Complaint (Doc. 17) that is before the court. Ms. Davis states that she wishes to respond to the motion to dismiss by making additional allegations about the role of the Parish in connection with these events and to add a Title VII claim based on her receipt of a right to sue letter from the EEOC. The Parish opposes the proposed amendment on the grounds that the motion for leave was filed after the briefing

deadline, Davis did not obtain consent for leave to amend, and the proposed second amended complaint does not state an actionable claim against the Parish.

The court "should freely give leave [to amend a complaint] when justice so requires." F.R.C.P. 15(a)(2). Rule 15 has a heavy bias in favor of granting leave. "[U]nless there is a substantial reason, such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party, the discretion of the district court is not broad enough to permit denial." Martin's Herend Imports v. Diamond & Gem Trading, 195 F.3d 765 (5th Cir. 1999). Refusal to grant leave to amend "without any justifying reasons is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." Foman v. Davis, 83 S.Ct. 227, 230 (1962).

The Advisory Committee notes to the 2009 amendments to Federal Rule of Civil Procedure 15(a) explain that the rule encourages amendments to meet the arguments raised in a motion to dismiss. A responsive amendment may avoid the need to decide the motion to dismiss or reduce the number of issues to be decided, and it will avoid the waste of time that accompanies requests to amend and start over after the court has taken the time to rule on a motion to dismiss. It is still very early in this case, and there has not been any deadline set for the amendment of pleadings. The Parish argues that the request is still too late because it came after the 21-day deadline to respond to its motion, but for delay to warrant denial of leave to amend it must prejudice the nonmoving party or impose unwarranted burdens on the court. N. Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co., 898 F.3d 461, 478 (5th Cir. 2018). There is no such prejudice stemming from the short delay in this case.

The Parish makes a short argument that the amendment would not cure the deficiencies in the prior pleadings. Futility, assessed under the Rule 12(b)(6) standard, can be a ground for denial of leave to amend. Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n, 751 F.3d 368, 378 (5th Cir. 2014); Briggs v. Miss., 331 F.3d 499, 508 (5th Cir. 2003). Plaintiff has also proposed to add a Title VII claim, and she asserts that the Parish and the Sewer District are a single integrated enterprise and joint employers for purposes of meeting the 15-employee minimum required by Title VII. The Parish offers a brief contention that Plaintiff has no basis to combine the employees in that manner. Making a determination on that issue requires an analysis of multiple factors. Turner v. Baylor Richardson Med. Ctr., 476 F.3d 337, 344 (5th Cir. 2007), citing Trevino v. Celanese Corp., 701 F.2d 397, 404 (5th Cir. 1983). Those factors have not been addressed in any of the briefs filed thus far.

The court finds that the best exercise of its discretion under these circumstances is to allow the proposed amendment, deny the motion to dismiss without prejudice, and allow the Parish the opportunity to respond to the complaint as amended with a new motion to dismiss, motion for summary judgment, or answer as it deems appropriate. If another motion is filed, there will be the opportunity for full briefing by all parties with respect to the amended complaint. Ms. Davis has now twice amended her complaint, so she will not be allowed to amend again absent a showing of good cause. For these reasons, Plaintiff's **Motion to Amend Complaint (Doc. 17)** is **granted**, and the Parish's **Motion to Dismiss (Doc. 14)** is **denied** without prejudice. The Parish is allowed until **July 19, 2019** to file a motion or other response to the second amended complaint.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 1st day of July, 2019.

Mark L. Hornsby
U.S. Magistrate Judge