UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| REBECCA DAVIS AND RONNIE DAVIS | CIVIL ACTION NO. 18-1568 |
| VERSUS | JUDGE DONALD E. WALTER |
| JAMES GAVIN, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is a Motion to Reconsider filed by Plaintiffs Rebecca Davis ("Davis") and Ronnie Davis. See Record Document 107. Plaintiffs request that the Court reconsider its Memorandum Ruling and Order dated August 12, 2021, pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)[1]. See id. Defendant, Parish of Caddo ("the Parish"), opposes the motion. See Record Document 109.

A Rule 59(e) motion to alter or amend a judgment may not be used to rehash evidence, legal theories, or arguments that could have been offered before entry of judgment. See In re Rodriguez, 695 F.3d 360, 371 (5th Cir. 2012). Rule 59(e) motions are intended to question the correctness of a judgment and may be properly invoked to "correct manifest errors of law or fact or to present newly discovered evidence." Templet v. HydroChem, Inc., 367 F.3d 473, 479 (5th Cir. 2004).

The Court previously held that Davis was an employee of the Sewerage District, and that the Parish could not be considered her employer under current Fifth Circuit precedent. See

---

[1] Plaintiffs offered no separate argument regarding Rule 60(b), which provides that a Court may relieve a party from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied or vacated; or (6) for any other reason justifying relief.

Record Document 101 at 7-10.  Plaintiffs' motion to reconsider advances the argument that James Gavin, in his position as a Sewerage Board Member, was acting as an agent of the Parish such that the Parish may be held liable under Title VII for his alleged sexual harassment of Davis.

The Court believes it properly addressed this argument in finding that Davis was not an employee of the Parish.  The Court reached this decision after finding that the Sewerage Board and the Parish were distinct legal entities such that the Parish could not be considered Davis's employer.  Title VII, 42 U.S.C. § 2000e et seq. "provides remedies to employees for injuries related to discriminatory conduct and associated wrongs by employers." Univ. of Tex. Sw. Med. Ctr. v. Nassar, 570 U.S. 338, 342, 133 S.Ct. 2517, 2522 (2013).  "To maintain a claim under Title VII, the plaintiff must demonstrate an 'employment relationship' between the plaintiff and the defendant." See Body by Cook, Inc. v. State Farm Mut. Auto Ins., 869 F.3d 381, 391 (5th Cir. 2017).  Because the Court found that Davis is not an employee of the Parish she cannot maintain a Title VII claim against the Parish.

Plaintiffs also argue that the Court failed to examine whether the Sewerage Board was an agent of the Parish such that Title VII liability could attach.  The Court disagrees with this assessment.  The Court stated that it was aware of the analysis provided by Owens v. Rush, 654 F.2d 1370 (10th Cir. 1981), but noted that, in its opinion, the Fifth Circuit has declined to adopt the reasoning of Owens when examining liability between distinct government entities.

Based on the above, the Court finds that Plaintiffs have failed to demonstrate that manifest errors of law or injustice have been established.[2]  Rather, it appears that Plaintiffs

---

[2] Davis appears to offer a new argument regarding the Parish's liability under 42 U.S.C. § 1983 in her reply to the Parish's opposition to her Motion to Reconsider.  See Record Document 110 at 10.  Davis offered no argument in opposition to the Parish's motion for summary judgment of

disagree with the Court's analysis, which is a matter appropriate for appeal. Accordingly, the Motion to Reconsider filed by the Plaintiffs (Record Document 107) is hereby **DENIED**.

    **THUS DONE AND SIGNED**, this 12th day of October, 2021.

*Donald E. Walter*
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

---

her 42 U.S.C. § 1983 claim. <u>See</u> Record Document 48. Instead, Davis focused her arguments entirely on Title VII and whether the Sewerage Board was an agent of the Parish. <u>See id.</u> The Court will not entertain an argument raised for the first time within a Rule 59(e) motion.